**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **DUNG NGUYEN** | **CASE NO. 1:26-CV-03214 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ELEAZAR GARCIA ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**MEMORANDUM RULING**

Before the Court is a Petition for the Writ of Habeas Corpus [Doc. No. 1] filed by Petitioner Dung Nguyen ("Nguyen"). Respondents, Brian Acuna, Markwayne Mullin, and Todd Blanche, in their official capacities (collectively, "Respondents"), filed a response [Doc. No. 7]. Nguyen filed a reply [Doc. No. 8].

After careful consideration of the parties' filings and applicable law, the Habeas Petition [Doc. No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**I. BACKGROUND**

Nguyen is a native and citizen of Vietnam.[1] He entered the United States near Tecate, California, on September 4, 2024, without being admitted or paroled.[2] The next day, the Department of Homeland Security ("DHS") charged Nguyen as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and placed him in removal proceedings.[3] DHS then released Nguyen on his own recognizance under Form I-

[1] [Doc. No. 1-3, p. 1].
[2] [Id.].
[3] [Id.].

220A, which stated that his release was "[i]n accordance with section 236 of the Immigration and Nationality Act" and imposed reporting and other conditions.[4] Nguyen alleges that he complied with those conditions for approximately twenty-three months.[5]

On August 3, 2026, ICE detained Nguyen and placed him at Winn Correctional Center.[6] Nguyen sought a custody redetermination, but the Immigration Judge denied his request.[7] Nguyen's removal proceedings remain pending.[8] Nguyen filed this Petition under 28 U.S.C. § 2241 on August 24, 2026.[9]

The issues have been briefed and the Court is prepared to rule.

## II. STANDARD OF REVIEW

"The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. CONST. art. I, § 9, cl. 2. "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). "It is well established" that these protections also apply to aliens. See *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025).

Congress authorizes district courts to grant "writs of habeas corpus . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). For the writ to issue, the

[4] [Doc. No. 1-2, p. 4].
[5] [Doc. No. 1, ¶¶ 28–31].
[6] [Doc. No. 1-6, p. 1].
[7] [Doc. No. 1-8, pp. 34–35].
[8] [Doc. No. 1-5, p. 1].
[9] [Doc. No. 1].

petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. ANALYSIS

The uncontested fact that Nguyen entered the country without being admitted or paroled means his detention is required as a matter of law. Because the facts Nguyen seeks to litigate cannot alter that statutory consequence, his due process, regulatory, and APA claims provide no basis for release.

### A. Nguyen Is Subject to Mandatory Detention Under § 1225(b)(2)(A)

Section 1225(a)(1) provides that an alien present in the United States who has not been admitted is an "applicant for admission." 8 U.S.C. § 1225(a)(1). Section 1225(b)(2)(A), in turn, provides that an applicant for admission who is not clearly entitled to admission "shall be detained" for removal proceedings. *Id.* § 1225(b)(2)(A). In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit held that an "applicant for admission" is necessarily "seeking admission" and therefore subject to § 1225(b)(2)(A)'s mandatory detention. 166 F.4th 494, 502 (5th Cir. 2026). Nguyen entered the United States without being admitted or paroled.[10] He therefore falls within § 1225(b)(2)(A) under *Buenrostro-Mendez*. Nguyen acknowledges that *Buenrostro-Mendez* presently forecloses his argument that § 1226 governs his

---

[10] [Doc. No. 1-3, p. 1].

detention.[11] Accordingly, because § 1225(b)(2)(A) compels detention, Nguyen has no substantive statutory entitlement to release.

**B. Nguyen's Due Process Claims Fail**

Nguyen separately argues that his government-authorized release created a protected liberty interest that DHS could not terminate without constitutionally adequate process.[12] Even assuming Nguyen's prior release created a protected liberty interest, his procedural due process claim fails. Due process does not require a hearing to establish facts that are immaterial under the governing substantive law. *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7–8 (2003). Nguyen seeks a hearing at which DHS would have to establish materially changed circumstances and show that detention is necessary because no less restrictive conditions would address a danger or flight risk.[13] But none of those facts changes the dispositive fact under § 1225(b)(2)(A): Nguyen entered the country without being admitted or paroled and therefore must be detained. A hearing on those matters would therefore be a "bootless exercise." *Id.* at 8.

Nguyen relies on *Morrissey v. Brewer*, which required a hearing before revocation of parole because the parolee's continued liberty depended on whether he had violated the conditions of his release. 408 U.S. 471, 482, 487–89 (1972). Nguyen analogizes his I-220A release to parole and argues that DHS likewise could not return him to custody without notice and a hearing.[14] But the dispositive fact here

[11] [Doc. No. 1, ¶ 98].
[12] [Id. ¶¶ 54-57].
[13] [Id., ¶ 72].
[14] [Id. ¶¶ 54, 59, 71].

is not whether Nguyen violated a condition of release. Under *Buenrostro-Mendez*, his status as an unadmitted applicant for admission independently requires detention under § 1225(b)(2)(A). A hearing on Nguyen's compliance therefore could not affect whether detention was required, unlike the revocation hearing in *Morrissey*.

Nguyen also relies on *Mathews v. Eldridge*, which determines what process is constitutionally required by weighing the private interest at stake, the risk of an erroneous deprivation and value of additional safeguards, and the Government's interests and burdens. 424 U.S. 319, 335 (1976). Nguyen argues that his liberty interest is substantial, that detention without notice or a hearing creates a high risk of error, and that a revocation hearing would impose only a modest burden.[15] His liberty interest is substantial, but the remaining considerations do not support the process he seeks. A hearing on danger, flight risk, compliance, or changed circumstances would have little value in preventing an erroneous detention because none of those facts determines whether § 1225(b)(2)(A) applies. *See Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7–8 (2003). Requiring DHS to litigate those issues would therefore impose an additional hearing without any possibility of changing the legally required result. *Mathews* does not require such a proceeding.

Nguyen's substantive due process claim fares no better. The Supreme Court has long recognized detention during removal proceedings as a constitutionally permissible part of the removal process, even without an individualized finding of

[15] [Doc. No. 1, ¶¶ 65–68].

dangerousness or flight risk. *Demore v. Kim*, 538 U.S. 510, 523, 531 (2003). *Demore* also recognizes detention during ongoing removal proceedings as serving the legitimate regulatory purpose of ensuring that those proceedings can be completed and any eventual removal effected. *Id.*, at 528, 531. Nguyen remains in ongoing removal proceedings, so his detention remains tied to that immigration purpose, prior release notwithstanding. This case therefore differs from *Zadvydas v. Davis*, where continued post-removal-order detention no longer served its immigration purpose because removal was not practically attainable. 533 U.S. 678, 690 (2001); *see Demore v. Kim* 538 U.S. at 528-29.

**C. Nguyen's Remaining Claims Fail**

Nguyen's *Accardi* claim does not alter this conclusion. *Accardi* generally requires an agency to follow the regulations governing the exercise of its discretion. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954). Nguyen argues that ICE violated its own revocation regulation because the record does not show that an official authorized by that regulation actually revoked his release.[16] Even assuming ICE's revocation was procedurally defective, habeas asks whether Nguyen may lawfully be detained now. *See United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923). Because § 1225(b)(2)(A) independently requires his present detention, the alleged defect does not entitle him to habeas relief.

Nguyen's APA claim also fails. The APA permits judicial review only when there is "no other adequate remedy in a court." 5 U.S.C. § 704. Because Nguyen

[16] [Doc. No. 1, ¶¶ 81–86].

challenges the validity of his confinement, that challenge "must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025). He has received that review here, and the APA supplies no duplicative remedy.

Finally, Nguyen cannot recover attorney's fees under the Equal Access to Justice Act. The Act is a "limited waiver of sovereign immunity" applicable only to specified civil actions, which does not extend to immigration habeas proceedings. *Barco v. Witte*, 65 F.4th 782, 784–85 (5th Cir. 2023).

## IV. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED ADJUDGED AND DECREED** that the Petition for the Writ of Habeas Corpus [Doc. No. 1] is **DENIED AND DISMISSED WITHOUT PREJUDICE**.

MONROE, LOUISIANA, this 6th day of October, 2026.

Terry A. Doughty
United States District Judge